NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALGEN DESIGN SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 03-6179 (AET) |
| v. | : | |
| | : | MEMORANDUM & ORDER |
| BAX GLOBAL, INC., COMPUTER TRANSPORTATION SERVICES, LTD. d/b/a CTS VAN SERVICES, INC. and CTS AIR SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 against Defendant Computer Transportation Services Ltd. (hereinafter CTS). The Court has decided this motion based on the submissions of the parties, and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is denied.

BACKGROUND

This matter involves Plaintiff's attempt to recover damages incurred due to a carrier's loss of its equipment during transport from Germany to New Jersey. Plaintiff Algen Design Services, Inc. is a manufacturer of electronic printed circuit boards. Defendant CTS is in the business of arranging transportation of property in interstate and international commerce. When CTS receives a request for the international transportation of property, it engages the services of

1

a freight forwarder or intermediary who transports the property by air or sea to its destination.

On October 24, 2002, Plaintiff purchased fourteen (14) pieces of equipment from a company called Tektronix which was located in Cologne, Germany.  On or about November 1, 2002, Plaintiff contracted with CTS to transport the equipment from Germany to its Eatontown, New Jersey facility.  CTS then sub-contracted with co-Defendant Bax Global, Inc. (hereinafter Bax) to transport the equipment by air from Germany.  On December 9, 2002, Algen received only four (4) of the fourteen (14) pieces of equipment that it purchased from Tektronix.  Plaintiff filed a notice of claim on December 13, 2002.  The value of the missing equipment totals $32,032.00.  Plaintiff has now filed this motion solely against CTS claiming that summary judgment is appropriate because CTS failed to perform the contract.

## DISCUSSION

I.  Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  An issue involving a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In reviewing motions for summary judgment, the evidence is viewed in the light most favorable to the non-moving party. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

II. The Warsaw Convention

Plaintiff frames the issue and applicable law between it and CTS as one for breach of

contract. However, because the lost equipment was transported by air, the Court finds that the Warsaw Convention provides the exclusive basis for relief on Plaintiff's claim. The Warsaw Convention applies "to all international transportation of . . . goods performed by aircraft for hire." 49 U.S.C. § 40105, art. 1(1). "'[I]nternational transportation' . . . mean[s] any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, . . . are situated . . . within the territories of two High Contracting Parties. . . ." Id. at art. 1(2). "A High Contracting [P]arty is 'a state whose ratification of or adherence to the Convention has become effective and whose denunciation thereof has not become effective.'"[1] Chips Plus, Inc. v. Federal Express Corp., 281 F. Supp. 2d 758, 762 (E.D. Pa. 2003). Where applicable, the Warsaw Convention's terms provide the exclusive basis for recovery. Id. art. 24(1).

In this case, Plaintiff contracted with CTS to ship its goods from Cologne, Germany to Eatontown, New Jersey. CTS arranged for BAX to ship the goods from Germany to New Jersey by air. Therefore, there is a question as to whether this transaction is covered under the Warsaw Convention. Plaintiff has implied that its contract with CTS is severable from any application of the Warsaw Convention. However, several New Jersey courts have held that the Warsaw Convention applies to third parties who are acting in furtherance of the contract of carriage. See Croucher v. Worldwide Flight Servs. Inc., 111 F. Supp. 2d 501, 505-06 (D.N.J. 2000); Carroll v. United Airlines, Inc., 325 N.J. Super. 353, 361-62 (App. Div. 1999); Atl. Merchandising Group, Ltd., v. Distrib. By Air, Inc., 343 N.J. Super. 382, 389 (Law Div. 2001) (holding that defendant that was in the business of making arrangements for the international shipment of goods, but did

---

[1] The United States and Germany are signatories to the Warsaw Convention.

not operate any aircraft, was an "air carrier" under the Warsaw Convention). Here, in arranging the shipment of goods from Germany to New Jersey, CTS was acting in furtherance of a contract of carriage. Therefore, the Warsaw Convention appears to be applicable to CTS and would provide the exclusive basis for recovery.

Because Plaintiff focuses on a breach of contract theory in its motion, the Court is unable to determine whether the requirements of the Warsaw Convention have been satisfied. Thus, issues of material fact exist and Plaintiff's motion for summary judgment must be denied.

## CONCLUSION

For these reasons,

It is on this 20th day of May, 2005,

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
